# Elias P. Chord, plaintiff in error, *vs.* George M'Coy, defendant in error.

## *Error to Cedar.*

The sheriff is the proper officer to receive and execute process in all cases, unless there is an affidavit of partiality, prejudice, consanguinity or interest existing in him or his deputy.

If a coroner execute process without such affidavit having been previously filed, the service is void.

This was an action of trespass vi et armis, instituted by Chord against M'Coy, in the District Court of Cedar county, and the writ directed to the coroner.

The suit was dismissed on the defendant's motion, on the ground that there had been no affidavit filed as required by the statute, so as to authorize the coroner to serve the summons, instead of the sheriff.

Judgment was rendered against the plaintiff for costs, at the special term in August, 1841, which judgment is now sought to be reversed, because the court below erred in sustaining the motion to dismiss, &c.

HASTINGS, for plaintiff in error.

WHICHER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The question we are called upon to decide in the present case is, whether it is regular for the clerk to issue a summons and direct it to the coroner in any case, unless where an affidavit of the interestedness of the sheriff has been first filed. We think it is not. The third section of the act relative to coroners and their duties, (Laws of 1839-40, page 11,) makes it the duty of the clerk to issue and direct process to the coroner in all cases, upon an affidavit of the partiality, prejudice, consanguinity or interest of the sheriff or his deputy, being made and filed in his office. Unless such affidavit be first made and filed, the sheriff is the proper officer to whom process of this kind should be directed.

It may be thought a matter of small import, whether a ministerial duty of this kind, be performed by the sheriff or coroner, but the law seems to regard it as material. If it will not permit the sheriff to serve

a summons, where either he himself, or his deputy are akin to the defendant, it cannot be regarded as unimportant whether he or some other person serve a process in an ordinary case. The service and return by the coroner are of no more validity than though made by any other person, unless in the cases provided for by law, and it can only be known in the mode pointed out by statute, when such a case is presented.

But it is said that the courts will take notice of their own officers, and that the District Court, without proof, ought to have recognised M'Coy as its sheriff. What evidence have we even at this time, that M'Coy is the sheriff of Cedar county? If the District Court should have taken notice of this fact without proof, must the Supreme Court do so likewise? Admitting the position assumed by counsel to be correct, it was incumbent on them by bill of exceptions to have placed the matter properly before the Supreme Court. We see nothing upon the record from which such an inference can be legitimately drawn.

Judgment affirmed.